Order, Supreme Court, New York County, entered January 25, 1980, which granted the branch of defendant’s motion for leave to amend its answer to assert the Statute of Limitations, and thereupon, granted the branch of the motion for summary judgment dismissing the complaint, modified, on the law, by reversing so much thereof as granted the branch for summary judgment, by denying that branch of the motion, and, as modified, otherwise affirmed, with costs. This action was commenced on November 21, 1978. The complaint contains two causes of action that sound in breach of warranty and contract. Essentially, the plaintiff seeks damages because the defendant installed rebuilt rather than new equipment under an agreement dated May 8, 1974. The defendant seeks to dismiss the action in chief as time barred under the four-year Statute of Limitations set forth in subdivision (1) of section 2-725 of the Uniform Commercial Code. Upon this record, we find that "tender of delivery” was made under subdivision (2) of section 2-725 of the Uniform Commercial Code when installation was completed. (Triangle Underwriters v Honeywell, Inc., 604 F2d 737, 742; Standard Alliance Inds. v Black Clawson Co., 587 F2d 813, 818-819, cert den 441 US 923; Curtis v Murphy Elevator Co., 407 F Supp 940, 944-945.) Prior to the completion date, the defendant replaced some of the parts that had originally been delivered. It was only after the installation was completed that the plaintff was in a position to determine whether the equipment was rebuilt or new. Thus, the cause for breach of warranty accrued when the installation was completed (Uniform Commercial Code, § 2-725, subd [2]). Similarly, we find that the cause for breach of contract accrued on that same date (Uniform Commercial Code, §2-725, subd [1]). The parties agree that the equipment was delivered on July 26, 1974 and that installation began on August 1, 1974. However, they disagree on the critical date that installment was completed. Plaintiff has submitted an "acceptance form”, signed by defendant’s sales co-ordinator, that suggests that installation was completed on or after December 26, 1974. On the other *784 hand, defendant’s divisional credit supervisor has submitted an affidavit and documentation tending to show that installation was completed on or before November 5, 1974. Since a triable issue of fact is presented as to the exact date installment was completed, the branch of defendant’s motion for summary judgment should have been denied. We do not disturb that portion of the order as granted leave to amend the answer. In its papers at Special Term, the plaintiff did not contend that (i) the complaint set forth a basis for recovery in fraud and (ii) the warranty extended to "future performance” under subdivision (2) of section 2-725 of the Uniform Commercial Code. Therefore, these points may not be raised or considered for the first time upon this appeal. Concur—Murphy, P. J., Kupferman, Birns, Ross and Silverman, JJ.